The opinion of the court was delivered by
Spencer, J.
Plaintiff sues defendant to recover the following taxes:
1st. The tax on its assets and property over and above the capital stock, exclusive of real estate and non-taxable property. This surplus is estimated and assessed on the roll at 139,669.
*827 2nd. The tax on shares of stockholders in said company, after deducting the real estate and other property otherwise assessed or exempt from taxation. These shares are assessed against each stockholder by name, and their aggregate value is fixed at $406,900 on the assessment roll.
The defense is, first, that by the third section of act 70 of 1870. itnftorporating the defendant bank, it is exempt from taxation “ except on its real estate,” and that it has paid its real estate tax.
The present Court and its predecessor under the constitution of 1868 have so often held that such exemption as that here claimed was beyond the constitutional power of the General Assembly that we are not disposed to re-state the grounds of that opinion.
See 31 A. 292; 31 A. 440; 31 A. 637; 31 A. 519; 27 A. 376 ; 27 A. 646; 27 A. 648; 28 A. 512; 28 A. 498; 28 A. 756 .
The second defense is, that the assessment of $39,669, as surplus oyer and above its capital, has no foundation in fact to rest upon. That it owns no such surplus. If it were conceded, that, after the rolls have been exposed and advertised for correction as required by law the correctness thereof is still open to controversy, still in the present case no proof was tendered of this allegation, and the assessment must stand, as at least prima facie correct. The onus of showing the error was on the defendant. "N. O. vs. Canal Bank,” 29 A. 851, and same case decided by Supreme Court of the United States, October term, 1878.
The third ground of defense is, that “ the record does not show that the requirements of law, under which the pretended assessments were made, were complied with.” The roll seems to be in the form prescribed by law. and the presumption is that proper methods of ascertaining values were resorted to by the assessors.
The fourth point is, that admitting the right of the State to impose a tax on the shares of the shareholders in banking corporations, and that the State may compel the banks to pay the tax so levied, yet the charter exempts this bank from paying taxes on these shares. That such taxes must be collected therefore from the shareholders themselves. We have seen that the exemption conferred on this bank was from taxation, “ except on its real estate.” We have seen that that exemption was unconstitutional — and therefore void. But even if it had been valid, we do not see that it would have prevented the Legislature from, imposing on it the payment of the taxes due by its shareholders — since its property, profits, and assets belonged to the shareholders ultimately. In such a case we have no reason to believe that such an imposition violates the constitution, and no reasons have been advanced by defendant in support of the alleged unconstitutionality. This ease differs *828 essentially from that of “ Citizens’ Bank vs. Bouny, Tax Collector,” lately decided. (No. 7368.)
It is next complained that the roll exhibited in evidence does not show the description and value of any real estate. This suit is not for taxes on its real estate. That was otherwise assessed, and defendant alleges that that tax has been paid. The roll does show that a deduction of $93,100 was made from the capital of the company before fixing the value of the shares assessed. We presume that deduction was composed of the real estate otherwise assessed, and of property exempt, such as U. S. bonds, etc. We must presume, in the absence of proof to the contrary, that the assessors did their duty.
Again, it is said that the roll does not itemize the property assessed as surplus. In the nature of things it could not do so. That amount is charged as being the excess of the value of defendant’s property, etc., over and above the amount of its capital.
Lastly, it is said that the real estate of the bank was only assessed at $30,000, when it originally cost $102,000, and that the latter sum should have been deducted in fixing the value of shares. It is the present value, and not that of 1870, that is to be deducted. Besides, if $102,-000 was the proper deduction, then it would have been the proper value upon which to tax the bank on its real estate. What it may have lost through its stockholders’ assessment it has gained on its own.
The judgment appealed from is affirmed with costs.